TRINITY EPISCOPAL SCHOOLS COR-PORATION and Trinity Housing Company, Inc., Plaintiffs,

v.

Carla HILLS, Secretary of the Department of Housing and Urban Development, et al., Defendants.

No. 71 Civ. 4315.

United States District Court,
S. D. New York.

Oct. 14, 1976.

Eugene J. Morris, New York City (Demov, Morris, Levin & Shein, New York City), for plaintiff Trinity.

Peter C. Salerno, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the S. D. N. Y., New York City), for defendant Hills.

Hadley W. Gold, Asst. Corp. Counsel, New York City (W. Bernard Richland, Corp. Counsel, New York City), Marttie L. Thompson, New York City (Strycker's Bay Neighborhood Counsel, Inc. of Community Action for Legal Services, Inc., John de P. Douw, New York City, of counsel), for intervening defendants.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

This is a motion by Trinity Episcopal Schools Corporation and Trinity Housing Company, Inc. ("plaintiffs") for an order awarding them $18,415.11 in costs and disbursements and $186,683.75 in attorney's fees for the period from April 1971 through February 1976, against defendants Carla Hills, Secretary of the Department of Housing and Urban Development ("HUD"), the City of New York, the State of New York and certain intervening defendants.

The long and complex history of this litigation is recited in our opinion, *Trinity Episcopal School Corp. v. Romney*, 387 F.Supp. 1044 (1974). In that decision we identified five issues that form the basis of this suit:

"(1) Whether there has been a breach of contract between Trinity . . . and the City by reason of changes in the Area after execution of their contract and the manner in which the City has proceeded with execution of the Plan [for housing development];

(2) Whether the City was required to secure the written consent of plaintiffs Karlen and Hudgins . . . to any proposed change in the Plan and particularly to the conversion of Site 30 from middle income to public housing;

(3) Whether construction of a public housing project on Site 30 would cause the Area to 'tip' within the

meaning of *Otero v. New York City Housing Authority*, 484 F.2d 1122 (2 Cir. 1973) [citation omitted];

(4) Whether the Department of Housing and Urban Development ("HUD") has complied with the National Environmental Protection Act ("NEPA"), 42 U.S.C. §§ 4321–4347, regarding its study approving construction of the public housing project on Site 30

(5) [W]hether the approval by the City of the conversion of Sites 4 and 30 from middle income to public housing was in compliance with the statutory procedures."

387 F.Supp. at 1048.

On all issues we found in defendants' favor, noting that "the evidence presented by plaintiffs [was] factually and legally insufficient to warrant the relief sought." *Id.*, at 1085. In awarding judgment to the defendants, we reserved decision on plaintiffs' post-trial motion for attorney's fees. *Id.*

On appeal, the Second Circuit affirmed in part and reversed in part. *Trinity Episcopal School Corp. v. Romney*, 523 F.2d 88 (1975). The Court of Appeals affirmed our conclusions on all issues raised below except as to the question of whether HUD had complied with its duties under NEPA. On this point, the Court of Appeals concluded that HUD did not fulfill its statutory duty of considering all possible alternatives with respect to the proposal of changing the development of Site 30 from middle to low income housing. *Id.*, at 92–94. The Court remanded that issue with directions to fashion an appropriate order requiring HUD to consider reasonable alternatives to the development of the site in question as a 100 per cent low income project. *Id.*, at 95. The Circuit Court's mandate, filed July 24, 1975, provided, *inter alia,* that the "action be and it hereby is remanded to said District Court for further proceedings in accordance with the opinion of this court, *with costs to abide the event.*" (emphasis added). On September 26, 1975, we filed an order consistent with the Court's mandate.

We await the completion of preliminary proceedings before fixing a date for adducing testimony in open court.

## I

■ In the present motion, plaintiffs seek $18,415.11 for costs and disbursements. We deny the motion without prejudice to renew when the final outcome of these proceedings is eventually determined. Fed.R. App.P. 39(a) clearly states that when a District Court decision is affirmed or reversed in part, "costs shall be allowed only as ordered by the court [of appeals]." As noted above, the Court of Appeals in its mandate stated that "costs [are] to abide the event." Since the "event," i. e., the outcome of further proceedings in this case, has not yet occurred (and several outcomes are possible), we deem it premature for us to consider at this time the question of the award of costs and, consequently, we defer determination of that question.

## II

Plaintiffs also request $186,683.75 in attorneys' fees. The governing case in this area is *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In *Alyeska* the Court reaffirmed the "American Rule" that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Id.,* at 247, 95 S.Ct. at 1616. In other words, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Id.,* at 257, 95 S.Ct. at 1621. Here, plaintiffs have not cited any statute or contract in support of their application for fees.

■ However, *Alyeska* also recognized the existence of two exceptions to the general rule: first, where a successful litigant confers a "common benefit" on an ascertainable class of persons; second, where there has been a willful disobedience of a court order or where the losing party has acted in bad faith. *Id.,* at 257–59, 95 S.Ct. 1612. Plaintiffs claim they are entitled to attorneys' fees under either of these exceptions. We disagree.

■ Relying on *Mills v. Electric Auto-Lite,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), plaintiffs claim they are entitled to attorneys' fees since their efforts vindicated public policies underlying NEPA and consequently rendered a "common benefit" to the residents of the West Side area. In *Mills,* the Supreme Court permitted recovery of attorneys' fees where a "substantial benefit" had been conferred on an ascertainable class and where the court's jurisdiction "ma[de] possible an award that [would] operate to spread the costs proportionately among them." 396 U.S. at 393–94, 90 S.Ct. at 626. We do not find any of the prerequisites of *Mills* present here and, accordingly, are duty bound to reject plaintiffs' "common benefit" analysis.

Plaintiffs' moving papers are replete with self-serving statements; they fail to present any convincing proof that their actions have conferred a "substantial" benefit on residents of that area. Indeed, defendants forcefully dispute plaintiffs' position, defendants' jt. mem. of law at 3–4, and we have concluded that plaintiffs' claims are unsupported. Second, plaintiffs have failed to identify any ascertainable class who would be the beneficiaries of plaintiffs' putative remedial steps. Plaintiffs claim their actions will benefit "all present and future residents of the West Side Urban Renewal Area." Plaintiffs' mem. of law at 4. Such a claim is far-fetched and unsupported. Such assertions do not satisfy the burden of establishing "substantial benefit." See *Mills, supra,* 396 U.S. at 394, 90 S.Ct. 616.

Finally, plaintiffs have failed to demonstrate that this Court will be able to spread the costs proportionately. In fact, the "common benefit" exception is inapposite since under it a party may recover attorneys' fees solely "from the fund or property itself or *directly from the other parties enjoying the benefit.*" *Alyeska, supra,* 421 U.S. at 257, 95 S.Ct. at 1621. (footnote omitted, emphasis added). Thus this exception cannot justify recovery of attorneys' fees here since defendants have not benefited from plaintiffs' conduct of this lawsuit.

A recent decision bolsters our determination. In *"TOOR" v. United States Dept. of "HUD"*, 406 F.Supp. 960 (N.D.Cal.1975), the court denied a request for attorneys' fees by lawyers who had represented various tenants and owners of property within a San Francisco rehabilitation area in a successful action to recover relocation benefits and subsidies available to displaced persons. In *TOOR*, as here, the attorneys based their request for attorneys' fees upon vindication of Congressional policies inherent in the National Housing Act. The court denied their petition, stating:

> "Since *Alyeska, supra,* it is improper for a federal court to award attorneys' fees where a litigant '(1) furthers the interests of a significant class of persons by (2) effectuating a strong congressional policy.' *Brandenburger v. Thompson,* 494 F.2d 885, 888 (9th Cir. 1974)." *TOOR, supra,* 406 F.Supp. at 965.

We find the court's analysis in *TOOR* compelling and we adopt the conclusions expressed therein. Accordingly, we deny plaintiffs' request for attorneys' fees based upon a "common benefit" rationale.

 Alternatively, plaintiffs seek attorneys' fees under the bad faith exception of *Alyeska*. Plaintiffs contend they are entitled to attorneys' fees from the City of New York since the City acted in bad faith by taking "numerous actions . . . which constituted a threat to the safety and integrity of the West Side Urban Renewal Area." Plaintiffs' mem. of law at 11. This allegation is without merit. There is no evidence in the record to date that any defendant has acted in bad faith at any juncture of the litigation. Indeed, clear proof of defendants' good faith and the legality of their actions is that defendants prevailed on every issue in our opinion in this matter, and on all but one issue in the Court of Appeals. Moreover, since the sole issue on which plaintiffs prevailed on appeal related solely to the Federal Government, there is certainly no basis for an award of attorneys' fees against the City of New York.

Finally, it should be noted that plaintiffs' attempt to recover attorneys' fees from defendant Hills or the United States faces an additional hurdle which is inapplicable to the other defendants. Title 28 U.S.Code § 2412 expressly prohibits recovery of attorneys' fees and expenses of attorneys "except as otherwise specifically provided by statute." See, *Natural Res. Def. C., Inc. v. Environmental Pro. Agency,* 168 U.S.App.D.C. 111, 512 F.2d 1351, 1353 (1975), and Wright & Miller, *Fed. Prac. and Pro.:* Civil § 2672. There is no statute authorizing attorneys' fees in this case.

Accordingly, we are constrained to, and do, deny the instant application in its entirety.

SO ORDERED.